# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Karmell L. Sanders

**DEFENDANTS**
TYSON PROCESSING SERVICES, INC., and RAMON ARAMBULA, JR.

**(b)** County of Residence of First Listed Plaintiff: **Bellevue County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Douglas County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Derek A. Jordan (Barnes Law, 601 South Figueroa Street, Suite 4050 Los Angeles, California 90017, (310) 510-6211)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. § 2000e

Brief description of cause:
Hostile workplace, Quid pro quo sexual harassment, Retaliatory termination, Wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $300,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

**DATE**: 06/14/2019

**SIGNATURE OF ATTORNEY OF RECORD**: Derek A. Jordan

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Derek A. Jordan., TN: 034299
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
E-mail: derekjordan@barneslawllp.com

Attorneys for Plaintiff KARMELL L. SANDERS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARMELL L. SANDERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TYSON PROCESSING SERVICES, INC., a corporation, and Ramon Arambula, Jr., individually and in his capacity as Human Resources Manager for Tyson Processing Services, Inc.,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 including but not limited to Hostile Workplace, Retaliatory Discharge, and Quid Pro Quo Sexual Harassment.**<br><br>**(Jury Trial Demanded)** |

COMPLAINT FOR DAMAGES

# INTRODUCTION

1. This is an action arising under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, alleging, among other things, that Defendant Tyson Processing Services, Inc ("Tyson") knew and allowed of sexually harassing conduct by its HR Manager against plaintiff; the failure of Tyson's employees or the company generally to take appropriate action to correct HR Manager's behavior; the resultant subjection of Plaintiff to a working environment where sexual compliance was made a condition of employment, and; for retaliating against Plaintiff for her rightful exercise of her legal rights by terminating her employment.

# PARTIES

2. Plaintiff KARMELL L. SANDERS ("Plaintiff") is female, and at all times relevant to this action, an individual of the age of majority, residing in the State of Nebraska, County of Bellevue.

3. Defendant TYSON PROCESSING SERVICES, INC., ("Tyson") is, and at all relevant times to this action, is a corporation employing more than 15 individuals, located and operating a facility in Omaha, Nebraska, that employed Plaintiff and Defendant RAMON ARAMBULA, JR.

4. Defendant RAMON ARAMBULA, JR. ("HR Manager") was, at all relevant times to this action, an individual of the age of majority, working at defendant Tyson's Omaha facility with Plaintiff as Tyson's Human Resource Manager, or position with title of similar import.

# COMPLIANCE WITH PRE-SUIT REQUIREMENTS

5. On May 1, 2018, Plaintiff timely submitted a signed and notarized Charge of Discrimination, at the Omaha office of the United States Equal Employment Opportunity Commission (the "EEOC"). Said Charge of Discrimination alleged that Defendants discriminated against Plaintiff on the basis of sex and retaliation for Plaintiff's rightful exercise of her legal rights.

6. On March 19, 2019, Plaintiff received a Notice of Right to Sue letter signed by Lloyd J. Vasquez, Jr., Acting District Director of the EEOC. A true and correct copy of said Notice of Right to Sue letter, and original complaint, is attached as Exhibit A.

## JURISDICTION AND VENUE

7. Venue is proper in this Court under 28 United States Code ("U.S.C.") Section 1331, as it is a civil action arising under the Constitution, laws, or treaties of the United States, and as the acts that caused Plaintiff's damages as alleged herein occurred in Omaha, Nebraska, within the jurisdiction of this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff, an adult female, was an employee of Tyson from September 10, 2012 to March 27, 2018.

9. Plaintiff's most recent position was as a Staff Nurse Manger.

10. Beginning on or around August 2016, Plaintiff was sexually harassed by a male Tyson employee named Ramon Arambula, Jr.,

11. Arambula's title was Human Resources Manager.

12. Arambula ("HR Manager") would harass, intimidate, and threatened plaintiff with unwanted physical and emotional contact.

13. On at least one occasion HR Manager touched Plaintiff in an unwanted sexual manner.

14. On at least one occasion HR Manager would say that he wanted Plaintiff to go to Mexico with him after he retired.

15. On at least one occasion HR Manager showed Plaintiff pornographic pictures on his phone, telling Plaintiff he masturbated to the pornographic phone pictures that reminded him of Plaintiff.

16. On at least one occasion HR Manager told Plaintiff that if she wasn't "nice to HR" then her overtime might be cut.

17. This and similar conduct by HR Manager continued almost daily and Plaintiff complained about it to Tyson employee Julie Wrigley, a District Manager, on or about July 21, 2017.

18. Upon information and belief, HR Manager was instructed by Tyson not to engage in any communication with Plaintiff when Plaintiff was alone on the company premises.

19. On or around February 2018, HR Manager began sexually harassing Plaintiff again.

20. HR Manager would approach Plaintiff when she was alone at work, including approaching plaintiff from behind and whispering in Plaintiff's ear in a sexual manner.

21. Plaintiff complained about HR Manager's renewed sexual harassment the same month (February 2018) to Director of Ethics Tracy Poyer.

22. No action was taken by Tyson regarding Plaintiff's complaints about HR Manager's renewed sexual misconduct.

23. Multiple times during her employment, and in a desperate attempt to resolve the hostile and pervasive harassment Plaintiff was subjected to by defendants, Plaintiff reported the behavior to the Tyson employee hotlines, to Human Resources via Defendant Arambula the HR Manager, the Tyson Chaplain, Tyson employees or agents, including but not limited to, Nyi Aung, Noe Garcia, Tamara Luccini, Clarissa Galvin, Maggie Shimerdla, Nick Jarescke, Rick Weigman, Rebeccay Hoy, Linda Ellis, Kurt Shrock, Terri Poyer, Brian Chrisman and Valerie Emswiler.

24. On or around February 9, 2018, Plaintiff complained to HR Manager as Tyson's director of Human Resources at Plaintiff's workplace, regarding how Valerie Emswiler, a Nurse Manager employee of Tyson, inappropriately handled a worker's compensation issue.

25. On or around March 27, 2018, Kurt Schrock, Head of HR of Tyson, and Tammy Luccini, Area District Nurse Manager of Tyson, contacted Plaintiff and informed Plaintiff that her employment was being terminated for insubordination due to Plaintiff's complaints regarding Valerie Emswiler.

26. Upon information and belief, Tyson terminating Plaintiff's employment were a pretext to cover up the sexual misconduct of defendant HR Manager, and the hostile workplace created and allowed by defendant Tyson, and in retaliation for Plaintiff's rightful complaints against HR Manager and Emswiler alleged above.

27. Plaintiff's claim of gender-based discrimination arises from the above allegations of sexually harassing conduct by HR Manager; the failure of Tyson's employees or the company generally to take appropriate action to correct HR Manager's behavior; the resultant subjection of Plaintiff to a working environment where sexual compliance was made a condition of employment, and; for retaliating against Plaintiff for her rightful exercise of her legal rights by terminating her employment.

28. HR Manager's sexually discriminatory conduct, while acting in the course and scope of his employment with Tyson, created a work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with Plaintiff's work performance, and caused Plaintiff acute emotional distress.

29. At all relevant times during her employment with Tyson, Plaintiff's performance was satisfactory or better.

# FIRST CAUSE OF ACTION
# HOSTILE WORKPLACE
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

31. Defendant Tyson has intentionally violated Title VII by discriminating against Plaintiff on the basis of her sex by allowing a hostile work environment to develop, spread and persist. Tyson permitted HR Manager to sexually harass Plaintiff throughout her tenure at Tyson and failed to remedy the harassment when Plaintiff complained.

32. Defendant HR Manager's harassment of Plaintiff materially and detrimentally affected Plaintiff's employment.

33. As a result of the harassment and the hostility of the workplace, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
## SEXUAL HARASSMENT, QUID PRO QUO
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

35. Defendant HR Manager's threat that Plaintiff's overtime was contingent upon Plaintiff accepting Defendant HR Manager's unwanted touch and harassment and proposals constitutes quid pro quo sexual harassment.

36. Defendants have intentionally discriminated against Plaintiff on the basis of her sex and gender by permitting HR Manager to engage in quid pro quo sexual harassment, which detrimentally affected Plaintiff's employment in violation of Title VII.

## THIRD CAUSE OF ACTION
## RETALIATORY TERMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

38. Plaintiff engaged in protected activity by filing a complaint and informing multiple parties, including District Manager Julie Wrigley, Director of Ethics Tracy Poyer, and Tyson's Director of HR at the Plaintiff's plant defendant Arambula, the Tyson Chaplain, the Tyson employee hotlines, and other employees, regarding the sexual harassment and employment discrimination that she was experiencing.

39. Defendants were aware of Plaintiff's protected activity.

40. Defendants intentionally retaliated against Plaintiff for engaging in protected activity by terminating her employment under false unrelated pretenses.

41. Defendant has violated Title VII by intentionally retaliating against Plaintiff because she was engaged in protected activity.

42. As a result of this retaliation, Plaintiff has suffered damages.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

44. Defendants intentionally violated Title VII by terminating Plaintiff based on her sex and gender.

45. As a result of this discrimination, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays for judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of Title VII;

B. Enjoining and permanently restraining defendant Tyson and its agents and employees from violating Title VII;

C. Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. Directing defendant reinstate Plaintiff to her position at termination and to pay Plaintiff front pay from the date of judgment until Plaintiff is restored to her rightful position, or in the amount sufficient to make Plaintiff whole without reinstatement and not to exceed five hundred thousand dollars;

E.  Directing defendant to pay Plaintiff compensatory damages of three hundred thousand dollars pursuant to 42 USC § 1981a(b)(3);

F.  Awarding Plaintiff the costs of this action, including reasonable attorney's fees, as allowed by 42 USC § 2000e-5(k).

46. Awarding Plaintiff pre- and post- judgment interest; and

G.  For other economic and compensatory damages, in an amount to be determined by proof at trial;

H.  For punitive and exemplary damages as permitted;

I.  For costs of suit incurred herein;

J.  For reasonable attorney's fees; and

K.  For such other and further relief as this Court deems just and proper.

### **DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all claims.

DATED: June ___, 2019

Respectfully submitted,

BARNES LAW

By: Derek A. Jordan, Esq.
Attorneys for Plaintiff Karmell L. Sanders

# Exhibit A

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: Karmell L. Sanders | From: St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2018-00472 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 539-7816 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*[signature]*
Lloyd J. Vasquez, Jr.,
Acting District Director

March 19, 2019
(Date Mailed)

cc:
Chief Executive Officer
TYSON FOODS, INC
2200 Don Tyson Pkwy, Cp422
Springdale, AR 72762

Derek A. Jordan
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | [X] FEPA [X] EEOC | NEB 1-17/18-5-49574-RS 32E-2018500478 / NEOC |

Nebraska Equal Opportunity Commission and EEOC

RECEIVED NEOC
MAY 01 2018
OMAHA OFFICE

NAME (indicate Mr., Ms., Mrs.)
Ms. Karmell L. Sanders

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE |
|---|---|---|
| Tyson Foods, Inc. | More than 500 Employees | (479) 290-7177 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 2200 Don Tyson Pkwy, CP422 | Springdale AR 72762 | Douglas |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

DATE DISCRIMINATION TOOK PLACE
EARLIEST 8/1/2016   LATEST 3/27/2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I am female. I worked for the Respondent beginning 9/10/2012, most recently as a Staff Nurse Manager. Due to my sex, I was sexually harassed. I complained about the sexual harassment. In retaliation for my complaint, I was subjected to different terms and conditions of employment. I complained about disability discrimination. In retaliation for my complaints, I was suspended and my employment was terminated.

II. I believe I have been discriminated against on the basis of retaliation, in violation of ADA Amendments Act of 2008, and Section 48-1114(1) of the Nebraska Fair Employment Practice Act; and on the bases of sex and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as Amended, and Sections 48-1104 and 48-1114(1) of the Nebraska Fair Employment Practice Act, in that:

1. Beginning around August 2016, I was sexually harassed by Human Resources Manager Ramon Arambula (male) on a daily basis. He would touch my sides and hips, say that he wanted me to go to Mexico with him after he retired, show me dirty pictures on his phone and tell me that he masturbated to them on the weekends, and say that if I wasn't 'nice to HR' then my overtime might be cut. This continued until I made a complaint to District Manager Julie Wrigley (female) on 7/21/2017.

2. On 2/9/2018, I complained about how Nurse Manager Valerie Emswiler (female) had handled a worker's compensation issue. The investigation should have been handled by someone above Arambula, but it wasn't and he failed to fully investigate my complaint.

3. In February 2018, Arambula began sexually harassing me again. As part of the resolution of my July 2017 complaint, Arambula was not supposed to come in when I would be working alone. He started coming in during these times. He also came up behind me extremely close and said, 'Hi, Karmell,' in my ear in a stalker-ish manner. I complained about this to Director of Ethics Tracy Poyer (female) in February 2018. The investigation into this complaint has not been resolved.

4. On 3/15/2018, I objected when Nurse Manager Valerie Emwiler (female) was requiring me to request more medical information after it had already been determined that a post-offer candidate was able to perform the essential functions of his job. She sent me to Arambula, who informed me that I was being suspended pending an investigation for insubordination.

Continued on Page 2

Karmell L. Sanders vs. Tyson Foods, Inc.
Page 2

5. On 3/27/2018, Head of HR Kurt Schrock (male) and Area District Nurse Manager Tammy Luccini (female) contacted me and informed me that my employment was being terminated for insubordination due to my complaints about Emswiler.

6. My performance was satisfactory.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

x Karmell L. Sanders

State of Nebraska County of Douglas
On this, the 1st day of May, 2018.
The Complainant appeared before me, known to me (or satisfactorily proven) to be the person whose name is subscribed to this instrument, and acknowledged that they executed the same for the purposes therein contained.

Notary Public

Notary Seal

GENERAL NOTARY - State of Nebraska
KENTAVIS BRICE
My Comm. Exp. October 17, 2021