# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARMELL L. SANDERS, an individual, | Case No.: 8:19-cv-00255 |
| Plaintiff, | |
| v. | |
| TYSON PROCESSING SERVICES, INC., a corporation, | |
| Defendant. | |

**Consent Motion for Leave to Amend Complaint to Remove Party**

Plaintiff Karmell L. Sanders respectfully requests to amend her complaint to remove Ramon Arambula, Jr. as a defendant to this action. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff has obtained the written consent of the Defendant for this amendment. Amendments to the complaint are limited to the removal of Ramon Arambula, Jr. as a defendant and any references to Ramon Arambula, Jr. as a defendant. An unsigned copy of the First Amended Complaint is attached hereto.

Dated August 13, 2019

                                             Respectfully submitted,

                                             /s/ Derek Jordan
                                             Derek Jordan TN: 034299
                                             Attorney for Plaintiff Karmell L. Sanders
                                             Barnes Law
                                             601 South Figueroa Street, Suite 4050
                                             Los Angeles, California 90017
                                             Telephone: (310) 510-6211
                                             Facsimile: (310) 510-6225
                                             E-mail: derekjordan@barneslawllp.com

**Certificate of Service**

I certify that on August 12, 2019, I electronically filed the foregoing document with the clerk of court using the court's electronic filing system, which will notify the following participants:

Marcia A. Washkuhn
Kutak, Rock Law Firm – Omaha
1650 Farnam Street
Omaha, NE. 68102
Marcia.Washkuhn@kutarock.com

                                        Respectfully submitted,

                                        __/s/ Derek Jordan____

8:19-cv-00255-JMG-SMB   Doc # 9   Filed: 08/13/19   Page 3 of 11 - Page ID # 31

Derek A. Jordan., TN: 034299
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:  (310) 510-6211
Facsimile:   (310) 510-6225
E-mail:  derekjordan@barneslawllp.com

Attorneys for Plaintiff KARMELL L. SANDERS

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| KARMELL L. SANDERS, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TYSON PROCESSING SERVICES, INC., a corporation,<br><br>　　　　Defendant. | Case No.: 8:19-cv-00255<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 including but not limited to Hostile Workplace, Retaliatory Discharge, and Quid Pro Quo Sexual Harassment.**<br><br>**(Jury Trial Demanded)** |

## INTRODUCTION

1. This is an action arising under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, alleging, among other things, that Defendant Tyson Processing Services, Inc ("Tyson") knew and allowed of sexually harassing conduct by its HR Manager against plaintiff; the failure of Tyson's employees or the company generally to take appropriate action to correct HR Manager's behavior; the resultant subjection of Plaintiff to a working environment where sexual compliance was made a condition of employment, and; for retaliating against Plaintiff for her rightful exercise of her legal rights by terminating her employment.

## PARTIES

2. Plaintiff KARMELL L. SANDERS ("Plaintiff") is female, and at all times relevant to this action, an individual of the age of majority, residing in the State of Nebraska, County of Bellevue.

3. Defendant TYSON PROCESSING SERVICES, INC., ("Tyson") is, and at all relevant times to this action, is a corporation employing more than 15 individuals, located and operating a facility in Omaha, Nebraska, that employed Plaintiff.

## COMPLIANCE WITH PRE-SUIT REQUIREMENTS

4. On May 1, 2018, Plaintiff timely submitted a signed and notarized Charge of Discrimination, at the Omaha office of the United States Equal Employment Opportunity Commission (the "EEOC"). Said Charge of Discrimination alleged that Defendant Tyson Foods, Inc. ("Tyson") discriminated against Plaintiff on the basis of sex and retaliation for Plaintiff's rightful exercise of her legal rights.

5. On March 19, 2019, Plaintiff received a Notice of Right to Sue letter signed by Lloyd J. Vasquez, Jr., Acting District Director of the EEOC. A true and correct copy of said Notice of Right to Sue letter, and original complaint, is attached as Exhibit A.

## JURISDICTION AND VENUE

6. Venue is proper in this Court under 28 United States Code ("U.S.C.") Section 1331, as it is a civil action arising under the Constitution, laws, or treaties of the United States, and as the acts that caused Plaintiff's damages as alleged herein occurred in Omaha, Nebraska, within the jurisdiction of this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff, an adult female, was an employee of Tyson from September 10, 2012 to March 27, 2018.
8. Plaintiff's most recent position was as a Staff Nurse Manager.
9. Beginning on or around August 2016, Plaintiff was sexually harassed by a male Tyson employee named Ramon Arambula, Jr.
10. Arumbula's title was Human Resources Manager.
11. Ramon Arambula, Jr. ("HR Manager") would harass, intimidate, and threatened plaintiff with unwanted physical and emotional contact.
12. On at least one occasion HR Manager touched both of Plaintiff's sides and her hips in a sexual manner.
13. On at least one occasion HR Manager would say that he wanted Plaintiff to go to Mexico with him after he retired.
14. On at least one occasion HR Manager showed Plaintiff pornographic pictures on his phone, telling Plaintiff he masturbated to the pornographic phone pictures that reminded him of Plaintiff.

15. On at least one occasion HR Manager told Plaintiff that if she wasn't "nice to HR" then her overtime might be cut.

16. This and similar conduct by HR Manager continued almost daily and Plaintiff complained about it to Tyson employee Julie Wrigley, a District Manager, on or about July 21, 2017.

17. Upon information and belief, HR Manager was instructed by Tyson not to engage in any communication with Plaintiff when Plaintiff was alone on the company premises.

18. On or around February 2018, HR Manager began sexually harassing Plaintiff again.

19. HR Manager would approach Plaintiff when she was alone at work, including approaching plaintiff from behind and whispering in Plaintiff's ear in a sexual manner.

20. Plaintiff complained about HR Manager's renewed sexual harassment the same month (February 2018) to Director of Ethics Tracy Poyer.

21. No action was taken by Tyson regarding Plaintiff's complaints about HR Manager's renewed sexual misconduct.

22. During her employment, and in a desperate attempt to resolve the hostile and pervasive harassment Plaintiff was subjected to by defendant, Plaintiff reported the behavior to the Tyson employee hotlines, to Human Resources via the HR Manager, the Tyson Chaplain, Tyson employees or agents, including but not limited to, Nyi Aung, Noe Garcia, Tamara Luccini, Clarissa Galvin, Maggie Shimerdla, Nick Jarescke, Rick Weigman, Rebeccay Hoy, Linda Ellis, Kurt Shrock, Terri Poyer, Brian Chrisman and Valerie Emswiler.

23. On or around February 9, 2018, Plaintiff complained to HR Manager as Tyson's director of Human Resources at Plaintiff's workplace, regarding how Valerie Emswiler, a Nurse Manager employee of Tyson, inappropriately handled a worker's compensation issue.

24. On or around March 27, 2018, Kurt Schrock, Head of HR of Tyson, and Tammy Luccini, Area District Nurse Manager of Tyson, contacted Plaintiff and informed Plaintiff that her

employment was being terminated for insubordination due to Plaintiff's complaints regarding Valerie Emswiler.

25. Upon information and belief, Tyson terminating Plaintiff's employment were a pretext to cover up the sexual misconduct of HR Manager and the hostile workplace created and allowed by defendant Tyson, and in retaliation for Plaintiff's rightful complaints against HR Manager and Emswiler alleged above.

26. Plaintiff's claim of gender-based discrimination arises from the above allegations of sexually harassing conduct by HR Manager; the failure of Tyson's employees or the company generally to take appropriate action to correct HR Manager's behavior; the resultant subjection of Plaintiff to a working environment where sexual compliance was made a condition of employment, and; for retaliating against Plaintiff for her rightful exercise of her legal rights by terminating her employment.

27. HR Manager's sexually discriminatory conduct, while acting in the course and scope of his employment with Tyson, created a work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with Plaintiff's work performance, and caused Plaintiff acute emotional distress.

28. At all relevant times during her employment with Tyson, Plaintiff's performance was satisfactory or better.

## FIRST CAUSE OF ACTION
## HOSTILE WORKPLACE
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

30. Defendant Tyson has intentionally violated Title VII by discriminating against Plaintiff on the basis of her sex by allowing a hostile work environment to develop, spread and persist. Tyson permitted HR Manager to sexually harass Plaintiff throughout her tenure at Tyson and failed to remedy the harassment when Plaintiff complained.

31. HR Manager's harassment of Plaintiff materially and detrimentally affected Plaintiff's employment.

32. As a result of the harassment and the hostility of the workplace, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION

## SEXUAL HARASSMENT, QUID PRO QUO

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

34. HR Manager's threat that Plaintiff's overtime was contingent upon Plaintiff accepting HR Manager's unwanted touch and harassment and proposals constitutes quid pro quo sexual harassment.

35. Defendant has intentionally discriminated against Plaintiff on the basis of her sex and gender by permitting HR Manager to engage in quid pro quo sexual harassment, which detrimentally affected Plaintiff's employment, in violation of Title VII.

## THIRD CAUSE OF ACTION

## RETALIATORY TERMINATION

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

37. Plaintiff engaged in protected activity by filing a complaint and informing multiple parties, including District Manager Julie Wrigley, Director of Ethics Tracy Poyer, and Tyson's Director of HR at the Plaintiff's plant, Arambula, the Tyson Chaplain, the Tyson employee hotlines, and other employees, regarding the sexual harassment and employment discrimination that she was experiencing.

38. Defendant was aware of Plaintiff's protected activity.

39. Defendant intentionally retaliated against Plaintiff for engaging in protected activity by terminating her employment under false unrelated pretenses.

40. Defendant has violated Title VII by intentionally retaliating against Plaintiff because she was engaged in protected activity.

41. As a result of this retaliation, Plaintiff has suffered damages.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

43. Defendant intentionally violated Title VII by terminating Plaintiff based on her sex and gender.

44. As a result of this discrimination, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays for judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of Title VII;

B.  Enjoining and permanently restraining defendant Tyson and its agents and employees from violating Title VII;

C.  Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D.  Directing defendant reinstate Plaintiff to her position at termination and to pay plaintiff front pay from the date of judgment until plaintiff is restored to her rightful position, or in the amount sufficient to make plaintiff whole without reinstatement and not to exceed five hundred thousand dollars;

E.  Directing defendant to pay plaintiff compensatory damages of five hundred thousand dollars pursuant to 42 USC § 1981a(b)(3);

F.  Awarding plaintiff the costs of this action, including reasonable attorney's fees, as allowed by 42 USC § 2000e-5(k).

G.  Awarding plaintiff pre- and post- judgment interest; and

H.  For other economic and compensatory damages, in an amount to be determined by proof at trial;

I.  For punitive and exemplary damages as permitted;

J.  For costs of suit incurred herein;

K.  For reasonable attorney's fees; and

L.  For such other and further relief as this Court deems just and proper.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all claims.

DATED: August 13, 2019

Respectfully submitted,

_____

Derek Jordan
TN: 034299
Attorney for Plaintiff Karmell L. Sanders
Barnes Law
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
E-mail: derekjordan@barneslawllp.com