IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARMELL L. SANDERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TYSON PROCESSING SERVICES, INC., a corporation,<br><br>Defendant. | No. CV: 8:19-cv-00255-JMG-SMB<br><br>**DEFENDANT TYSON PROCESSING SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |

Defendant Tyson Processing Services, Inc. ("Tyson"), pursuant to Fed. R. Civ. P. 8(b) and (c), hereby responds as follows to the allegations contained in Plaintiff's First Amended Complaint for Damages:

**INTRODUCTION**

1. The allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint are legal conclusions to which no response is necessary. To the extent a response is necessary, Tyson denies the allegations.

**PARTIES**

2. To the best of Tyson's information and belief, the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint are true and, therefore, Tyson admits the same.

3. Tyson admits that Tyson is a corporation operating a facility in Omaha, Nebraska that employs more than 15 individuals, and employed Plaintiff. Tyson denies the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

**COMPLIANCE WITH PRE-SUIT REQUIREMENTS**

4. In response to Paragraph 4 of Plaintiff's First Amended Complaint, Tyson admits that Plaintiff filed a Charge of Discrimination against Tyson with the United States Equal

Employment Opportunity Commission. Tyson states that the terms of the Charge of Discrimination speak for themselves and, as such, Tyson denies the allegations contained herein to the extent they are inconsistent therewith. Tyson denies the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Tyson is without sufficient information or belief to admit or deny the allegations in Paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

6. The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint are legal conclusions to which no response is necessary. To the extent a response is necessary, Tyson admits that venue is proper in this Court and denies the remaining allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Tyson admits the allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Tyson denies the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint, as Plaintiff's most recent position was Nurse LPN.

9. Tyson denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. Tyson admits the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Tyson denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Tyson denies the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Tyson denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Tyson denies the allegation contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Tyson denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Tyson admits that Plaintiff complained about the alleged sexual harassment by Ramon Arambula to former Senior Occupational Health Area Manager, Julie Ridgely, on or about August 4, 2017.  Tyson denies the remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Tyson admits that following a thorough investigation into Plaintiff's First Amended Complaint of sexual harassment, despite the fact that Plaintiff's claims were found to be unsubstantiated, Tyson requested that Mr. Arambula and Plaintiff avoid working alone together. Tyson denies the remaining allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Tyson denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Tyson denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Tyson admits that on February 26, 2018 Plaintiff sent an email to Tracey Poyer complaining of Mr. Arambula working on February 17, 2018, a Saturday on which she too worked,

3

despite the fact that there were other people around and that they were not working alone together. Tyson further admits that in the same email Plaintiff complained that Mr. Arambula had "whispered" "Hi Karmell" as he passed by her in the hallway. Tyson denies the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Tyson denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Tyson admits that Plaintiff complained about alleged sexual harassment by Ramon Arambula during her employment and that Tyson fully and completely investigated such complaints. Tyson denies the remaining allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Tyson admits that on or about February 9, 2018 Plaintiff complained about Valerie Emswiler's handling of a medical issue. Tyson denies the remaining allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Tyson admits it terminated Plaintiff's employment on March 27, 2018 for insubordination. Tyson denies the remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Tyson denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Tyson denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Tyson denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Tyson denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

## FIRST CAUSE OF ACTION
## HOSTILE WORKPLACE
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. Tyson hereby incorporates its answers to the allegations contained in Paragraphs 1 through 28 of Plaintiff's First Amended Complaint as if fully set forth herein.

30. Tyson denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Tyson denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Tyson denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

## SECOND CAUSE OF ACTION
## SEXUAL HARASSMENT, QUID PRO QUO
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Tyson hereby incorporates its answers to the allegations contained in Paragraphs 1 through 32 of Plaintiff's First Amended Complaint as if fully set forth herein.

34. Tyson denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Tyson denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

## THIRD CAUSE OF ACTION
## RETALIATORY TERMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Tyson hereby incorporates its answers to the allegations contained in Paragraphs 1 through 35 of Plaintiff's First Amended Complaint as if fully set forth herein.

37. Tyson admits that Plaintiff complained about alleged sexual harassment by Ramon Arambula during her employment and that Tyson fully and completely investigated such complaints. Tyson denies the remaining allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Tyson denies the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Tyson denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Tyson denies the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Tyson denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42. Tyson hereby incorporates its answers to the allegations contained in Paragraphs 1 through 41 of Plaintiff's First Amended Complaint as if fully set forth herein.

43. Tyson denies the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Tyson denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

45. The "Prayer for Relief" section, including subparagraphs A through L, of Plaintiff's First Amended Complaint contains statements to which a response is not required by Tyson. To the extent a response is required, Tyson denies the same.

## AFFIRMATIVE AND OTHER DEFENSES

46. Plaintiff's First Amended Complaint, and each and every claim for relief asserted therein, fails to state a claim upon which relief may be granted.

47. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

48. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, the applicable statute of limitations and/or unclean hands.

49. To the extent that Plaintiff seeks to litigate any claims not set forth in her charge of discrimination, or the alleged discrete acts of discrimination that occurred more than 300 days prior to her filing of a charge, those claims are barred by her failure to exhaust her administrative remedies.

50. Tyson possessed a legitimate, nondiscriminatory and nonretaliatory reason for every employment action taken relative to Plaintiff.

51. Even if Plaintiff could prove that a discriminatory or retaliatory motive was a factor in Tyson's employment actions, Tyson would have taken the same action due to legitimate, nondiscriminatory and nonretaliatory reasons.

52. Without admitting the same, Plaintiff's claims are barred, in whole or in part, because at all times relevant, Tyson exercised reasonable care to prevent and promptly correct any and all discriminating, harassing, or retaliatory behavior and has instituted adequate policies and procedures for employees to raise allegations of discrimination, harassment or retaliation and

Plaintiff failed, in the exercise of reasonable care on her part, to avail herself of and follow those preventive or corrective policies and procedures or to otherwise avoid alleged harm, and the alleged harassment did not culminate into any tangible employment action.

53. Plaintiff is not entitled to recover exemplary or punitive damages, as Tyson exercised reasonable care and made good-faith efforts to comply with all laws prohibiting discrimination, harassment and retaliation, and punitive damages are not recoverable on any of Plaintiff's claims.

54. Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Tyson fail to rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless or fraudulent intent to deny Plaintiff her legal rights, and are not so wanton and willful as to support an award of punitive damages.

55. Plaintiff has failed to mitigate her alleged damages, if any.

56. To the extent it is discovered Plaintiff has engaged in conduct or made representations before, during or after her employment with Tyson that would have prevented or ended her employment with Tyson had Tyson known about said conduct or representations, Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

57. Some or all of Plaintiff's alleged damages, to the extent that they exist, were caused, in whole or in part, by Plaintiff or sources other than any alleged actions by Tyson. Accordingly, any such damages should either be denied completely or apportioned according to the evidence.

58. Any damages alleged by Plaintiff may be subject to offset by subsequent income she has received, including, but not limited to, unemployment benefits.

59. Tyson reserves the right to raise additional defenses as may become available or as may be disclosed as a result of discovery in this action.

4835-0340-1634.2

WHEREFORE, Tyson requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice; enter judgment in its favor; award all costs and attorneys' fees in connection with its defense of this action; and award any other and further relief as the Court finds just or proper or allowed by the pleadings.

## JURY DEMAND

Defendant Tyson Processing Services, Inc. hereby demands a trial by jury on all causes of action raised in Plaintiff's First Amended Complaint in Omaha, Nebraska.

Respectfully submitted this 27th day of August, 2019.

TYSON PROCESSING SERVICES, INC.,
Defendant

By: *s/ Meaghan M. Gandy*
    Marcia A. Washkuhn #21022
    Meaghan M. Gandy #25486
    KUTAK ROCK LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, NE  68102
    (402) 346-6000
    (402) 346-1148
    marcia.washkuhn@kutakrock.com
    meaghan.gandy@kutakrock.com

4835-0340-1634.2