IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARMELL L. SANDERS, an individual,<br><br>       Plaintiff,<br><br> v.<br><br>TYSON PROCESSING SERVICES, INC., a corporation,<br><br>       Defendant. | No. CV: 8:19-cv-00255-JMG-SMB<br><br><br><br>**RULE 26(f) REPORT** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

> **Derek A. Jordan, Esq. participated on behalf of Plaintiff Karmell L. Sanders**
> **Marcia A. Waskhuhn, Esq. and Meaghan M. Gandy, Esq. participated on behalf of Defendant Tyson Processing Services, Inc.**

The parties discussed the case and jointly make the following report:[1]

## I.    INITIAL MATTERS:

    A.    <u>Jurisdiction and Venue</u>:  As to the defendant(s) (mark all boxes that may apply).

        ☐    Jurisdiction is contested because _____.

        ☐    Venue is contested because _____.

        ☒    Neither jurisdiction nor venue are contested.

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at <u>www.ned.uscourts.gov</u>.

    If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

B.    <u>Immunity</u>:  As to the defendant(s) (mark all boxes that may apply).

☐    An immunity defense has been raised by a defendant.

☐    An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**

☒    No immunity defense has or will be raised in this case.

C.    Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

☒    Not applicable.

☐    The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☐    Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐    before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain:  _____.

☐    a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐    motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

## II.    CLAIMS AND DEFENSES:

A.    <u>Claims</u>:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

---

[2] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

2

1)      **CLAIM ONE:**  Hostile Workplace in Violation of Title VII of the Civil Rights Act of 1964.

2)      **CLAIM TWO:**  Sexual Harassment, Quid Pro Quo in Violation of Title VII of the Civil Rights Act of 1964.

3)      **CLAIM THREE:**  Retaliatory Termination in Violation of Title VII of the Civil Rights Act of 1964.

4)      **CLAIM FOUR:**  Wrongful Termination in Violation of Title VII of the Civil Rights Act of 1964.

B.      <u>Defenses</u>:[3] List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

1)      **DEFENSE ONE:**  Plaintiff's First Amended Complaint, and each and every claim for relief asserted therein, fails to state a claim upon which relief may be granted.

2)      **DEFENSE TWO:**  Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.  Plaintiff asserts Defendant improperly discriminated against and harassed her on the basis of her sex and retaliated against her when she reported the alleged discrimination and harassment; however, while Plaintiff did report some acts of alleged harassment, Plaintiff failed to report many of the acts of alleged discrimination and harassment which are included in her Complaint in this lawsuit.

3)      **DEFENSE THREE:**  Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.  Plaintiff asserts Defendant improperly discriminated against and harassed her on the basis of her sex and retaliated against her when she reported the alleged discrimination and harassment; however, while Plaintiff did report some acts of alleged harassment, Plaintiff failed to report many of the acts of alleged discrimination and harassment which are included in her Complaint in this lawsuit.  Defendant relied on the fact that Plaintiff had not asserted a belief of the additional acts of perceived discrimination, harassment, or retaliation while she was employed.

---

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

3

4)   **DEFENSE FOUR:**  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  Plaintiff demonstrated inexcusable neglect by failing to report all of the alleged acts of discrimination, harassment, and retaliation she is now claiming against Defendant, and Defendant was prejudiced as a result.

5)   **DEFENSE FIVE:**  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.  Plaintiff's failure to provide timely notice of her perception of the additional acts of alleged discrimination, harassment, and retaliation was not in good faith such that Defendant should not be held liable for such claims alleged by Plaintiff.

6)   **DEFENSE SIX:**  Plaintiff's claims are barred, in whole or in part, by her failure to timely file such claims within the statute of limitations.

7)   **DEFENSE SEVEN:**  To the extent that Plaintiff seeks to litigate any claims not set forth in her charge of discrimination, or the alleged discrete acts of discrimination occurred more than 300 days prior to her filing of a charge, those claims are barred by her failure to exhaust her administrative remedies.

8)   **DEFENSE EIGHT:**  Plaintiff's claims are barred, in whole or in part, because at all times relevant, all actions or omissions taken with regard to her or her employment were made in good faith and were taken for legal, legitimate, non-discriminatory and nonretaliatory reasons and/or based upon reasonable grounds for believing said actions were not in violation of any law, statute or regulation.

9)   **DEFENSE NINE:**  Even if Plaintiff could prove that a discriminatory or retaliatory motive was a factor in Tyson's employment actions, Tyson would have taken the same action due to legitimate, nondiscriminatory and nonretaliatory reasons.

10)  **DEFENSE TEN:**  Without admitting same, Plaintiff's claims are barred, in whole or in part, because at all times relevant, Tyson exercised reasonable care to prevent and promptly correct any and all discriminating, harassing, or retaliatory behavior and has instituted adequate policies and procedures for employees to raise allegations of discrimination, harassment or retaliation and Plaintiff failed, in the exercise of reasonable care on her part, to avail herself of and follow those preventive or corrective policies and procedures or to otherwise avoid alleged harm, and the alleged harassment did not culminate into any tangible employment action.

4

11) **DEFENSE ELEVEN:** Plaintiff is not entitled to recover exemplary or punitive damages, as Tyson exercised reasonable care and made good-faith efforts to comply with all laws prohibiting discrimination, harassment and retaliation, and punitive damages are not recoverable on any of Plaintiff's claims.

12) **DEFENSE TWELVE:** Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Tyson fail to rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless or fraudulent intent to deny Plaintiff her legal rights, and are not so wanton and willful as to support an award of punitive damages.

13) **DEFENSE THIRTEEN:** Plaintiff has failed to mitigate her alleged damages, if any.

14) **DEFENSE FOURTEEN:** To the extent it is discovered Plaintiff has engaged in conduct or made representations before, during or after her employment with Tyson that would have prevented or ended her employment with Tyson had Tyson known about said conduct or representations, Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

15) **DEFENSE FIFTEEN:** Some or all of Plaintiff's alleged damages, to the extent that they exist, were caused, in whole or in part, by Plaintiff or sources other than any alleged actions by Tyson. Accordingly, any such damages should either be denied completely or apportioned according to the evidence.

16) **DEFENSE SIXTEEN:** Any damages alleged by Plaintiff may be subject to offset by subsequent income she has received, including, but not limited to, unemployment benefits.

**III.**   **METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

☐   <u>Administrative record</u> review:

☐   A party will request discovery.

☐   A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

☐  A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐  <u>Cross-motions</u> for summary judgment and/or resolution on stipulated facts:

  ☐  A party will request discovery.

  ☐  A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
    **Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

  ☐  A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒  Trial**:**

  ☐  No party has timely demanded a jury trial.

  ☒  A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

  ☐  A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
    A motion to strike the jury demand will be filed no later than: **Click here to enter a date.**.

  ☐  The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

## IV. SETTLEMENT:

Counsel state (mark all boxes that may apply):

☐  To date, there have been no efforts taken to resolve this dispute.

☒      Efforts have been taken to resolve this dispute

      ☒      prior to filing this lawsuit.  Explain: <u>At the NEOC stage, Plaintiff provided an initial settlement demand of $150,000.00, which offer was declined by Defendant.</u>

      ☐      after filing this lawsuit, but before the filing of this report. Explain: _____.

☐      Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

      ☒      It is agreed:

            ☐      Mediation is appropriate at this time, and pending the outcome of those efforts,

                  ☐      case progression should be stayed.

                  ☐      case progression should not be stayed.

            ☒      Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: <u>The parties believe there is a potential for settlement after the Plaintiff's deposition is taken.</u>

            ☐      Mediation will not be appropriate.  Explain: _____.

            ☐      Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**

      ☐      At least one party is not interested in exploring options for settling this case.

## V.     CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐      All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒      At least one party does not currently consent.

## VI.    CASE PROGRESSION:

A.      Initial mandatory disclosures required by Rule 26(a)(1).

   ☐      Have been completed.

   ☒      Will be completed by **October 30, 2019**.

B.      Motions to amend the pleadings or to add parties.

   ☒      Plaintiff **does not** anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **November 27, 2019**.

   ☒      Defendant **does not** anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **November 27, 2019**.

   If more than 90 days are needed, explain why:_____
   _____

C.      Discovery.

   1)      As to written discovery under Rules 33, 34, and 36:

      a.      The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☒ The parties do not anticipate any disputes over the number of discovery requests served. The parties further agree each party may serve 30 Interrogatories.

☐ The parties believe a dispute may arise over the number of (mark all boxes that may apply):

☐ Interrogatories.

☐ Requests for Production.

☐ Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

b. Written discovery will be completed[4] by **July 31, 2020**.

2) As to expert disclosures as required under Rule 26(a)(2):

☐ The parties do not anticipate calling experts to testify at trial.

☒ The parties anticipate calling experts to testify at trial, and

a. Counsel agree the parties will **<u>identify</u>** experts and serve expert **<u>reports</u>** on the following dates: **April 30, 2020** for the Plaintiff, and **May 29, 2020** for the Defendant.[5] The parties shall serve rebuttal expert **<u>reports</u>** by **June 30, 2020.**

b. Motions to exclude expert testimony on *Daubert* and related grounds will be filed by **September 30, 2020**.

3) As to deposition discovery under Rules 30 and 45:

a. The maximum number of non-expert depositions that may be taken by the plaintiffs as a group and the defendants as a group is __12__.

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

[5] **Note**: The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

4852-0484-9572.3

      b.     All depositions

          ☒     will be limited by Rule 30(d)(1).

          ☐     will be limited by Rule 30(d)(1), except as follows:

      c.     All depositions, regardless of whether they are intended to be used at trial, will be completed by **August 31, 2020**.

4)     Protective Order:

    ☒     All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

         ☐     the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

              ☐     with the court's standard Attorneys' Eyes Only provisions.

              ☐     with the court's standard HIPAA language permitting release of Protected Health Information.

         ☒     the parties hereby move the court to enter the proposed protective order attached to this report.

         ☐     the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[6]

    ☐     At least one party believes a protective order will not be necessary in this case.

5)     Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing

---

[6] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

4852-0484-9572.3

discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

☒      The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

☒      Documents between legal counsel and clients created on or after **March 27, 2018**.

☐      Documents maintained by consulting or testifying experts created on or after **Click here to enter a date.**.

☒      The following documents:  Documents between in house counsel for Defendant and Defendant's employees created after March 27, 2018.

☐      Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6)      Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

☒      the parties do not anticipate a dispute over preservation, scope, and production of ESI.

☐      the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7)      Other special discovery provisions agreed to by the parties include:  Not applicable.

D.      Dispositive Motions.

11

☐  The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

☒  A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

  a.  as to the following claims and/or defenses:[7] <u>all of Plaintiff's claims</u>;

  b.  such motions to be filed on or before **October 1, 2020**.

E.  Other matters to which the parties stipulate and/or which the court should know or consider:<u>  All motions to compel written discovery responses must be filed on or before **June 30, 2020**</u>.

F.  This case will be ready for trial before the court by:<u>  **March 2021**   </u>.

G.  The estimated length of trial is <u>5-7</u> days.

## VII. CONFERENCING WITH THE COURT:

A.  Initial Case Conference:

☐  At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒  All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.  Interim Status Conference:

☒  At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: <u>March 2020.</u>

☐  The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:** **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices,**

---

[7] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

**including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **September 30, 2019.**

KARMELL L. SANDERS, Plaintiff

TYSON PROCESSING SERVICES, INC.,

Defendant

*s/ Derek Jordan*
_____

Derek Jordan (TN: 034299)
Barnes Law
601 South Figueroa Street, Suite 4050
Los Angeles, CA  90017
(310) 510-6211
(310) 510-6225
derekjordan@barneslawllp.com

*s/ Meaghan M. Gandy*
_____

Marcia A. Washkuhn, #21022
Meaghan M. Gandy, #25486
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102
(402) 346 6000
(402) 346 1148
marcia.washkuhn@kutakrock.com
meaghan.gandy@kutakrock.com

4852-0484-9572.3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KARMELL L. SANDERS, an individual

               Plaintiff,

    vs.

TYSON PROCESSING SERVICES, INC., a
corporation,

               Defendant.

**NO. 8:19-CV-255**

**PROTECTIVE ORDER**

Upon consideration of the parties' joint request for entry of a Protective Order, (Filing No. XX), the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions**.  As used in this Order:

    a. Action refers to the above-captioned litigation.

    b. Discovery Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45.  Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

    c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

    d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2) **Confidential Discovery Material.**  This Protective Order applies to all

1

confidential Discovery Material produced or obtained in this case.  For the purposes of this Protective Order, confidential Discovery Material shall include:

    a. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

    b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; internal policies and procedures; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

    c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

    d. Medical or mental health information;

    e. Records restricted or prohibited from disclosure by statute; and

    f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

3) **Manner of Confidential Designation**.  A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

    a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial

proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

c. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

4) **Timing of Confidential Designation.**

a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

5) **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive Discovery Material designated as "CONFIDENTIAL" (hereinafter "Qualified Recipients") are:

a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

b. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or

electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the confidential Discovery Material in confidence per the terms of this Order, and provided that such persons may only be shown copies of confidential Discovery Material and may not retain any such material;

e. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts;

f. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

g. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

h. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

i. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

j. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

6) **Dissemination by the Receiving Party**.  Counsel for the Receiving Party shall:

a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" to review and agree to the terms of this Protective Order

4

and execute a copy of the Agreement attached hereto as Appendix A before receiving confidential Discovery Material.

b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" is prohibited as set forth herein.

c. Maintain a list of any confidential Discovery Material disclosed and to whom, along with the executed copies of the Appendix A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

7) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

8) **Limitations on Use**. Confidential Discovery Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever.  The parties acknowledge that some of the information produced in this case may be protected health information, or contain such information, within the meaning of the Health Insurance Portability and Accountability Act (HIPAA).  Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v), and as to the health information requested, counsel and the Receiving Party:

a. Shall not use or disclose the information for any purpose other than the litigating this Action;

b. Shall return or destroy the protected health information (including all copies made) at the end of this Action; and

c. Shall request, use and disclose only the minimum amount necessary to conduct this Action.

5

9) **Maintaining Confidentiality.**   Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient.  Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients.  Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

10) **Copies.**  Discovery Material designated as "CONFIDENTIAL" shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the court.  However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" under the terms of this Protective Order.

11) **Docket Filings.**  All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents.  A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

12) **Depositions.**  The following procedures shall be followed at all depositions to protect the integrity of all Discovery Material designated as "CONFIDENTIAL":

   a. Only Qualified Recipients may be present at a deposition in which such information is disclosed or discussed.

   b. All deposition testimony which discloses or discusses information designated as "CONFIDENTIAL" is likewise deemed designated as

6

"CONFIDENTIAL."

    c.  Information designated as "CONFIDENTIAL" may be used at a nonparty deposition only if necessary to the testimony of the witness.

13) **Challenges to Confidentiality Designations**.   A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute.  If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.  If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designated as "CONFIDENTIAL" bears the burden of proving it was properly designated.  The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

14) **Use at Court Hearings and Trial**.  Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument.  A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial.  Any party may move the court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

15) **Return or Destruction of Documents.**  Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL."   However, subject to the terms of this Protective Order, counsel for the destroying party may maintain documents marked "CONFIDENTIAL" in counsel's files under the firm's file retention policies if deemed necessary.  The destroying party shall notify the producing party when destruction under this provision is complete.   If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party

or the Producing Party's counsel.   This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

16)  **Modification.**  This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires.  Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

17)  **Additional Parties to Litigation.**  In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

18)  **Sanctions**.

   a.  Any party subject to the obligations of this order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

   b.  Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.  Upon discovering that information was erroneously designated as CONFIDENTIAL, the Producing Party shall promptly notify all other Parties of the improper designation

19)  **Inadvertent Disclosure of Protected Discovery Material**.

   a.  A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL" shall have 14 days from discovering the oversight to correct that failure.  Such failure shall be corrected by providing written notice of the error to every Receiving Party.

   b.  Any Receiving Party notified that confidential Discovery Material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such

documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" designation.

20) **Disclosure of Privileged or Work Product Discovery Material**.

   a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   b. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned.  The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request.  The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

Click here to enter a date..

BY THE COURT:

*s/*
United States Magistrate Judge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KARMELL L. SANDERS, an individual

          Plaintiff,

    vs.

TYSON PROCESSING SERVICES, INC., a corporation,

          Defendant.

**NO. 8:19-CV-255**


**EXHIBIT A**


I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Click or tap to enter a date.


_____      _____
Printed Name                              Signature